THE STATE, SAMUEL K. WILSON, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF TRENTON AND ROBERT A. MONTGOMERY.

1. The city of Trenton entered into a contract with one M. for the laying of an asphalt pavement upon one of the city streets. By the terms of the contract M. guaranteed the endurance of the pavement for a period of five years and agreed to maintain it in good condition, at his own expense, during said period. He further agreed that, in the event of his failure to so maintain it, the city might make such repairs as should become necessary and deduct the cost thereof from moneys due the contractor, but not yet paid over to him. *Held*, that the repairs contemplated by this provision of the contract are only

those which arise from lack of durability of the pavement, and that such provision does not impose upon landowners abutting upon the street any burden other than that of having the pavement well constructed at the outset.

2. Under a charter provision requiring contracts for municipal work to be awarded to the lowest bidder "who shall give satisfactory proof of his ability to furnish the requisite materials and perform the work properly," a person seeking a contract with the city must not only underbid his competitors and be, in fact, able to perform the contract, but must also satisfy the municipal authorities of his ability to perform.

On *certiorari.*

Argued at February Term, 1897, before Justices DEPUE, MAGIE and GUMMERE.

For the prosecutor, *John H. Backes.*

For the defendants, *George W. Macpherson* and *John Rellstab.*

The opinion of the court was delivered by

GUMMERE, J. The prosecutor, who is a property-owner on Hamilton avenue, in the city of Trenton, challenges, by these proceedings, the validity of a certain contract made by the city of Trenton with Robert A. Montgomery for the paving of said avenue with Trinidad Lake asphaltum.

The first ground upon which it is urged that this contract should be declared invalid is that, by its terms, Montgomery is made to guarantee the endurance of the pavement for a period not less than five years from the date of its completion and acceptance by the city and to maintain the pavement in good condition at the finished grade of the street at his own cost and expense during said period, and that, upon his failure to do so, the city is authorized to make such repairs as may become necessary and deduct the cost thereof from such moneys as it may have in hand belonging to the contractor. This provision of the contract, it is claimed, im-

poses upon the abutting owners, who are liable to assessment for the cost of this work in proportion to the benefit received by them therefrom, not only the burden of paying for the improvement but also the cost of keeping it in repair for a period of five years after its completion.. If this be the effect of the provision it is clearly illegal, for, by the eighty-seventh section of the charter of the city of Trenton, "after any street shall have once been paved, then the city shall take charge of and keep the same in repair at the general expense." *Pamph. L.* 1874, *p.* 376.

We are referred to the following cases, which, it is said, support the prosecutor's contention : *Hall* v. *Maher,* 56 *Hun* 81 ; *Verdin* v. *St. Louis,* 131 *Mo.* 26 ; *Brown* v. *Jenks,* 98 *Cal.* 10 ; *Excelsior Paving Co.* v. *Leach,* 34 *Pac. Rep.* 116 ; *Fehler* v. *Gosnell,* 35 *S. W. Rep.* 1125 ; *Boyd* v. *Milwaukee,* 66 *N. W. Rep.* 603.

The theory upon which these cases are decided is that when, by the terms of the contract, the contractor is required not only to lay the pavement but also to maintain and keep it in repair for a certain period after its completion, the abutting owners are necessarily required to pay a higher price by reason of the provision to maintain and keep in repair, and that a contract which throws upon abutting owners anything more than the burden of having the pavement well constructed in the outset is invalid so far as they are concerned.

The contract in each of the cases referred to differed, however, in an important particular, from that now before us.

In those cases the provision for maintaining or repairing was treated as an independent one, while, in the one under consideration, it is merely an appendant to the guaranty of the durability of the pavement. What the contract in effect says is this : The contractor guarantees to put down a pavement which shall remain in good condition for at least five years ; if it gets out of order during that period the contractor must restore it at his own expense ; and, if he fails to do so, the city may make the repairs and retain the cost thereof out of the contract price. It does not require him to make all

repairs which shall become necessary, during the period named, but only those which arise from lack of durability of the pavement. Certainly it cannot, with reason, be contended that a provision in the contract requiring the contractor to guarantee the durability of his work for a reasonable period imposes upon the adjacent property-owners the burden of keeping the street in repair; it is merely an added precaution for insuring good workmanship and the use of good material. And if the contractor, notwithstanding the guaranty, failed to lay a durable pavement, it cannot be doubted that the city would have a right to recover from him, in a suit for breach of his guaranty, the cost of restoring the same to a good condition.

It seems to me that the provision in the contract relating to the maintenance of the pavement, is a mere method of enforcing the guaranty of the contractor by a speedier and less expensive method than by suit, and that it does not have the effect of imposing upon abutting owners any burden other than that of having the pavement well constructed at the outset.

In the case of *Schenectady* v. *Union College*, 66 *Hun* 179, a similar view was taken by the Supreme Court of New York to that here expressed, in construing a contract like that now before us; and, although the judgment in that case was afterwards reversed by the Court of Appeals (144 *N. Y.* 241), it was on another ground altogether, nothing being said by the appellate tribunal which casts doubt upon the correctness of the construction put by the lower court on the contract in that case.

In my opinion, the first reason assigned for setting aside the contract before us cannot be sustained.

The second ground upon which we are asked to declare this contract invalid is that it was not awarded to the lowest bidder, in violation of section 107 of the city charter. *Pamph. L.* 1874, *p.* 385. That section requires "that all contracts for doing work, &c., shall, at all times, be given to the lowest bidder or bidders who shall give satisfactory proof

of his or their ability to furnish the requisite materials and perform the work properly, and offer sufficient security for the faithful performance of the contract in regard to time, quality of material and work to be done."

There were a number of bidders for the contract. Montgomery offered to lay the payment required by the specifications for $2.47 per yard, and to repair openings for twenty per cent, above that amount. One William F. McGovern offered to lay the payment for $2.23 per yard, and to repair openings for sixty per cent. above that sum. The other bidders were, all of them, admittedly higher than Montgomery.

The city disputes the claim made by the prosecutor that McGovern was the lowest bidder, and insists that, taking into consideration the price to be charged for repairing openings, his bid was in reality higher than that of Montgomery. Considerable testimony was taken on this point, but it is not necessary at this time to decide it, for conceding that McGovern was the lowest bidder, the city was not therefore bound to award the contract to him. In order to entitle him to the contract he was required by the charter not only to be the lowest bidder but to give satisfactory proof of his ability to furnish the requisite materials and perform the work properly.

The language of the charter provision is significant. By its terms the burden of procuring and furnishing proof of the bidder's capacity to perform the contract is cast upon the bidder himself. The requirement of the provision, is not that the lowest bidder shall be awarded the contract *unless* it satisfactorily appears that he *lacks* the ability to furnish the necessary materials and do the work properly, but that it shall be awarded to him *if he furnishes* satisfactory proof.

By this provision a person who seeks a contract with the city must not only underbid his competitors and be, in fact, able to perform it, he must also satisfy the municipality of his ability to do so. If he fails to do that—if the proofs which he submits are not of such a character as to satisfy

reasonable men of his ability to perform——he is not entitled to have the contract awarded to him.

And this was the situation in the case before us. The proofs furnished by McGovern, when considered by common council in connection with other relevant facts within their knowledge, did not satisfy that body that he was able to furnish the requisite materials and do the work properly, and they therefore awarded the contract to the next lowest bidder. Their action in that regard was final and cannot be reviewed by this court, unless it appears that it was taken in bad faith, or that the proofs furnished by McGovern were of such a character as to satisfy reasonable men that he was able to furnish the material required and do the work properly. *Shaw* v. *Trenton,* 20 *Vroom* 241.; *McGovern* v. *Board of Works,* 28 *Id.* 580.

There is nothing in the case before us to suggest the idea that the action complained of was the result of bad faith on the part of council, nor can we say that the facts submitted to them by McGovern ought to have satisfied them as reasonable men of his ability to perform the contract. Their action, therefore, in awarding the contract to Montgomery was not a violation of the charter provision which has been invoked, and affords no ground for declaring the contract invalid.

The only other reasons urged upon us for declaring this contract void are based upon alleged uncertainties in the specifications upon which it is founded. They do not require an extended discussion here. It is sufficient to say that an examination of the specifications has satisfied us that the portions thereof which are challenged by the prosecutor are reasonably certain in their requirements and afford no ground for avoiding the contract.

The proceedings brought up by this writ should be affirmed, with costs.