CASES DECIDED

# SUPREME COURT

# STATE OF OREGON.

Argued 21 June, decided 17 July, rehearing denied 28 August, 1905.

## OREGON TRANSFER CO. *v.* PORTLAND.

81 Pac. 575, 82 Pac. 16.

IMPROVING SEPARATE PARTS OF STREET IN ONE PROCEEDING.

1. Under a charter providing that "the improvement of each street or part thereof shall be made under a separate proceeding" (Portland Charter 1903, § 375,) the city cannot divide a street into several parts and direct their improvement in one proceeding with different classes of work — such a proceeding is void.

INTERPRETATION OF JUDICIAL OPINIONS.

2. Judicial opinions must always be considered with reference to the facts involved and the points presented for decision.

From Multnomah: ARTHUR L. FRAZER, Judge.

Statement by MR. JUSTICE BEAN.

Suit by the Oregon Transfer Co. and others against the City of Portland and others. The plaintiffs are the owners of blocks 217 and 225 in Couch's Addition to the City of Portland, fronting on Tenth Street. In January, 1904, the common council adopted a resolution for the improvement of Tenth Street from the north line of Washington to the south line of Front, about 17 blocks, in the following manner: From the north line of Washington to the south line of Marshall, a distance of thirteen blocks, by removing "all mud, loose earth and débris from the surface of the street and bringing the same to the proper

grade with crushed rock and crushed rock screenings full width with full intersections, and by constructing artificial stone sidewalks and stone cross-walks." From a line ten feet south of the center line of Northrup to the south line of Front, three blocks, the street to be "brought to grade with clean earth, rock, sand or other suitable filling, and by planking the roadway full width with full intersections in accordance with the city engineer's plans, specifications and estimates, and wooden cross-walks shall be constructed twelve feet in width." The resolution declared that the improvement from Washington to Marshall should be classed as macadam, and that from Northrup to Front as a plank roadway. That portion of the street between Marshall and Northrup was not included in the proposed improvements, but had probably been improved at some previous time. Notices of the intention to improve were posted at Washington and Front streets, but not elsewhere. The council thereafter passed an ordinance for the improvement of the street in accordance with the resolution, and awarded the contract to the defendant the Smyth & Howard Co. The plaintiffs thereupon brought this suit to enjoin the prosecution of the work in front of their property on the ground that the city was without jurisdiction to proceed, as it was attempting to improve two separate parts of a street in one proceeding. A demurrer was sustained, and the complaint dismissed. From a decree in favor of the defendants, plaintiffs appeal.      REVERSED.

For appellants there was a brief over the names of *Chas. E. S. Wood, Stewart B. Linthicum,* and *J. Couch Flanders,* with an oral argument by *Mr. Flanders* and *Mr. Ralph Roloefson Duniway.*

For respondents there was a brief over the names of *Lawrence Alexander McNary,* City Attorney, and *John P. Kavanaugh,* with an oral argument by *Mr. McNary.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The city charter provides that "whenever the council shall deem it expedient or necessary to improve any street or any portion thereof, it shall require from the city engineer plans and specifications for an appropriate improvement, and estimates of the work to be done and the probable cost .thereof; and the city engineer shall file such plans, specifications, and estimates in the office of, the auditor. The improvement of each street or part thereof, shall be made under a separate proceeding": Section 375. If the plans, specifications, and estimates of the engineer are satisfactory to the council, it shall approve the same, and by resolution declare its purpose of making the improvement, define the boundaries of the district benefited and to be assessed therefor (section 375), and the class of such improvement, and the number of years for which it shall be maintained by the city: Section 384. The resolution for the improvement shall be published in the city official paper, and within five days from the first publication the city engineer shall cause to be conspicuously posted at each end of the contemplated improvement a notice of such proposed improvement: Section 376. Within twenty days from the date of the first publication of. the notice the owners of two thirds or more of the property within the assessment district may file a written remonstrance against such improvement, which shall be a bar to any further improvement for a period of six months, unless the owners of one half or more of the property affected shall subsequently petition therefor: Section 377, Laws 1903, pp. 3, 150, 151.

The position of the plaintiffs is that the proceeding in question was invalid and void for the reason that neither the resolution for the improvement, nor the ordinance therefor, provided for a continuous improvement of the street, but, on the contrary, expressly omits that part

between the south line of Marshall and a point 10 feet south of the center line of Northrup; thus including in one proceeding the proposed improvement of two separate and distinct portions of a street, contrary to the charter.

Proceedings for the improvement of streets in a municipality at the cost of abutting property must be conducted in substantial, if not literal, compliance with the requirements of the charter; and, when the mode for its exercise is provided, it becomes the measure of the power: *Bank of Columbia* v. *Portland*, 41 Or. 5 (67 Pac. 1112). If, therefore, the charter requires the improvement of separate portions of a single street to be made under separate proceedings, the proceeding in question is void, for it shows on its face that the improvement of two portions of the street was included therein. For the city it is argued that the charter does not mean that the improvement of separate parts of the same street shall be made under separate proceedings, but that it was designed to prevent the contemplated improvement of two separate streets, or parts thereof, from being joined in one proceeding. This is a strained and unreasonable construction of the language of the charter. Section 375 provides that when the council shall deem it expedient to improve any street, or any portion thereof, it shall require from the city engineer plans, specifications, etc., and that "the improvement of each street, or part thereof, shall be made under a separate proceeding." The charter is here dealing with but one street, and, when it provides in that connection that the improvement of each part of a street shall be made under a separate proceeding, it must refer to the improvement of a single street, and not to the joining of improvements of separate portions of different streets. This is a natural and reasonable provision, and was, no doubt, inserted for the benefit of property owners affected by a proposed improvement, and who are given the right of remonstrance

by the charter.   Without some such limitation or restriction, costly and expensive improvements of part of a street could be united with mere repairs or inexpensive improvements in other and different portions of the same street, and thereby, perhaps, cut off the right of the owners of the property affected by the real and substantial improvements to remonstrate.   It was to preserve this right that the provision in question was inserted.

It may be argued that this construction will require each block in a street, where the intersections have been improved, to be treated as a separate part, and provided for by a separate proceeding.   But the intersections may with propriety be included in or omitted from a contemplated street improvement without destroying its continuity.   If the intersections have been improved, they may be considered and treated as a part of the cross-street, and not of the street intended to be improved.   But where, as in this case, the city has, by resolution, ordinance, and contract, expressly divided the street into two separate parts or portions, with entirely different classes of improvements, the proceeding must be regarded as one for the improvement of distinct portions of the street, and should be conducted as such.

The decree of the court below is reversed.

REVERSED.

---

Decided 28 August, 1905.

ON MOTION FOR REHEARING.

MR. JUSTICE BEAN delivered the opinion of the court.

2. The only point decided in the case is that a proceeding for the improvement of a street which on its face shows that it includes the proposed improvement of two separate and distinct parts of the street is void under the charter.   Whether different classes of improvement may

be joined in the one proceeding, or whether the improvement of small portions or sections of a street may be omitted from the plans and specifications in a proceeding for a continuous improvement, without invalidating it, are not involved or decided. The language of the opinion in this as in all cases must be interpreted with reference to the actual question before the court for decision. The petition will be denied.    REVERSED : REHEARING DENIED.