Argued January 28, decided February 16, rehearing denied April 27, 1909.

## APPLEGATE *v.* CITY OF PORTLAND.

[99 Pac. 890.]

MUNICIPAL CORPORATIONS—SPECIAL IMPROVEMENTS—REASSESSMENT—OBJECTIONS—"HEAR AND DETERMINE."

1. Portland Reincorporation Act (Sp. Laws 1903, p. 161) § 400, prescribes the manner of making a reassessment for a local improvement when the original assessment has been set aside, or when the council is in doubt as to its validity, and directs that notice shall be given to the owners of property who within ten days may file their objections, and at the time appointed the council shall "hear and determine" all objections so filed. *Held*, that the words "hear and determine" imported a judicial investigation and settlement of an issue of fact, implying the weighing of testimony offered by both parties, and hence the statute was not complied with by a reference of objections to a reassessment to the council's committee on streets, after being read, and the

adoption of the committee's report that the objections be placed on file and the reassessment affirmed.

Municipal Corporations — Special Assessments — Nature of Proceeding.

2. An attempt by a municipal authority to subject private property to the burden of an assessment for a local improvement is a proceeding *in invitum*, to uphold which against a direct attack it must appear from an inspection of the record that the statutory requirements prescribed as a condition precedent to the exercise of the power have been observed.

Municipal Corporations — Necessity of Improvement — Determination.

3. An objection to the necessity and propriety of making an improvement is a question for the exclusive determination of the city council.

From Multnomah: Melvin C. George, Judge.

Proceeding by James Applegate and others against the City of Portland and others to review a reassessment for the special improvement of a street. From a judgment of dismissal, plaintiffs appeal.          Reversed.

For appellants there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondents there was a brief over the names of *Mr. Lawrence A. McNary, Mr. John P. Kavanaugh, Mr. John J. Fitzgerald,* and *Mr. Frank S. Grant,* with an oral argument by *Mr. Kavanaugh.*

Opinion by Mr. Chief Justice Moore.

This is an appeal by the plaintiffs from a judgment dismissing a special proceeding instituted to review the action of the council of the City of Portland in attempting to reassess certain real property for benefits resulting from the improvement of a street. The circuit court for Multnomah County, pursuant to a petition therefor, caused to be issued a writ of review, the return to which, as disclosed by the transcript, sets forth certified copies of the proceedings relating to such improvement, showing that on November 2, 1904, a resolution was adopted, the preambles to which stated that the council was in doubt as to the validity of the assessment for the improvement of Albina Avenue from the north line of Page street to the center line of River street in that city; and

also that it appeared that the property thereinafter described was specifically and distinctly advanced in interest by the improvement, whereupon it was determined that certain parcels of land abutting upon the avenue mentioned constituted the property and the boundaries thereof—the district specially and peculiarly benefited by the betterment of the street. It was further declared in the resolution that within 10 days from the adoption thereof, the city auditor should prepare a preliminary assessment and reassessment upon the lots, blocks, and parcels of land within the district so benefited, and give notice to the property owners affected by such reassessment in the manner prescribed by the city charter. It was also ordered that the time within which objections should be made to the reassessment be limited to December 7, 1904. Conformably to such resolution, the city auditor made assessments upon the several tracts of land, aggregating $11,513.78, which sum, it was maintained, accrued to the entire property by reason of the street improvement. Within the time limited the plaintiffs herein filed with the city auditor joint written objections to the reassessment of their real estate, assigning various exceptions to the procedure employed to burden their property with the benefits alleged to have been bestowed. The objections so interposed were read by the council and referred to the committee on streets, which reported the matter back with the recommendation that the assessment as made by the auditor be approved:

"Your committee submits herewith an ordinance making said reassessment, and further recommends that said ordinance do pass and that said objections be placed on file."

This report was adopted by the council, which passed the ordinance so proposed.

1. The facts thus stated form a brief synopsis of the proceedings involved herein, and from an examination of such record alone it is to be determined whether the

council in exercising judicial powers have, to the injury of some substantial right of the plaintiffs, employed such functions erroneously. Section 597, B. & C. Comp. The solution of this question depends upon a consideration of a clause of the municipal charter that was in force when the plaintiffs' objections were filed. Section 400 of the act of reincorporation of the City of Portland (Sp. Laws 1903, p. 161), prescribes the manner of making a reassessment for any local improvement that has been set aside, or, when the council is in doubt, as to the validity of such assessment, and directs that notice thereof shall be given to the owners of the real property affected thereby, or having any interest therein, who may within 10 days file with the auditor their objections in writing to such assessment:

"At the time appointed in such notice the council shall hear and determine all objections which have been filed by any party interested."

It will be remembered that the record of the council shows that the objections interposed by the plaintiffs were read and referred to the committee on streets which reported that having had the same under consideration they recommended "that said objections be placed on file," which report was adopted by the council. These objections having been "read," the council evidently "heard" them in the popular sense of giving heed to the perusal, but no determination of the objections was made except to place them on file. The power to "hear and determine" is an essential ingredient of jurisdiction, and the quoted words refer to a judicial investigation and settlement of an issue of fact, which implies the weighing of testimony offered by both sides, from a consideration of which the relief sought by the moving party is either granted or denied. 4 Words & Ph., p. 3235.

2. Though the record fails to show that the council sustained or overruled the objections, it is argued by defendants' counsel that, by invoking the presumption

that official duty has been regularly performed, no error was committed in dismissing the proceedings. An attempt on the part of municipal authority to subject private property to the burden of an assessment for a local improvement is a proceeding *in invitum*, to uphold which against a direct attack it must appear from an inspection of the record of the tribunal that the statutory requirements prescribed as a condition precedent to an exercise of the power conferred have been observed. *Smith* v. *Portland,* 25 Or. 297 (35 Pac. 665) ; *Strout* v. *Portland,* 26 Or. 294 (38 Pac. 126) ; *Bank of Columbia* v. *Portland,* 41 Or. 1 (67 Pac. 1112) ; *Oregon Transfer Co.* v. *Portland,* 47 Or. 1 (81 Pac. 575: 82 Pac. 16). "In levying special assessments for benefits received," says a text-writer, "the record must affirmatively show a compliance with all essential conditions to a valid exercise of the taxing power, that the assessment does not exceed the benefit, and any omission of such facts will not be supplied by presumption." Hamilton, Sp. Assess. § 480.

3. The objections referred to contain many statements that cannot be denominated assertions of fact, but present legal questions in the nature of demurrers which challenge the validity of the proceedings adopted by the council to reassess the plaintiffs' property. The objections also assail the propriety and necessity of making any improvement of Albina Avenue—a question that was for the council alone to determine.

A few averments of fact, however, were made in the exceptions which ought to have been "heard and determined"; but by reason of the failure of the council to observe the plain mandate of the city charter the judgment is reversed, and the cause remanded, with directions to set aside the proceedings instituted to reassess the property for the street improvement.

REVERSED.