Former opinion set aside on rehearing April 27, 1909.

## MICHELL v. CITY OF PORTLAND.

[99 Pac. 881; 101 Pac. 388.]

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS.

1. A statement in the records of the proceedings of a city council, making a reassessment for a street improvement, that objections against the reassessment were on motion overruled, sufficiently shows that the objections were heard and determined, where they relate to questions of law; but, where the objections relate to issues of fact, the record must affirmatively show, by findings or recitals, that the council heard and determined the issues, together with the result thereof.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS.

2. Where, before the acceptance of a street improvement, owners of property subject to an assessment for the cost thereof objected to its acceptance, and their objections were heard on the merits, under the provisions of the city charter, and overruled, or the right to object to the acceptance was waived, and the improvement was accepted, the owners could not object to a reassessment on the ground that the improvement was not made according to the ordinance.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS.

3. Where a reassessment proceeding in a street improvement proceeding is alone sought to be reviewed on writ of review, the facts necessary to give the city the right to make the reassessment must appear in the return, either by making the record a part of the return, or by recitals in the resolution authorizing the reassessment.

MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — ASSESSMENTS — VALIDITY.

4. Where the objections to a preliminary reassessment for a street improvement that the improvement had not been completed, and the estimated cost thereof assessed, were not heard and determined by the city council, the subsequent proceedings in making the reassessment were void.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—ASSESSMENTS.

5. Under Portland City Charter, § 400, providing that the new assessment for the cost of a street improvement must be made on the lots benefited "to the extent of their respective and proportionate shares of the full value thereof," the council must determine whether the amount assessed against each lot or part thereof is in just proportion to the benefits, and a reassessment ordinance must show that the council determined that the reassessment was proportionate among all the lots according to benefits.

From Multnomah: MELVIN C. GEORGE, Judge.

Petition for writ of review by John Michell and others against the City of Portland. From a decree in favor of the city, plaintiffs appeal.

Decided April 27, 1909.

## ON PETITION FOR REHEARING.

[101 Pac. 388.]

Former opinion set aside. (99 Pac. 881.)

Statement by MR. JUSTICE EAKIN.

This is a proceeding to review the action of the City of Portland in making a reassessment of property benefited by the improvement of Goldsmith street. The petition for the writ of review recites that on December 2, 1903, the city declared, by resolution, its purpose to improve Goldsmith street by grading and paving the same in a manner therein specified, giving the engineer's estimate of the total probable cost thereof, and on January 6, 1904, the city passed an ordinance providing for the improvement and the time and manner of making the same, and let the contract therefor. After the completion thereof the auditor prepared a proposed assessment of the expense of the improvement upon the property specially benefited thereby, and gave notice of such proposed assessment, and that objection thereto might be made within 15 days from the date of the notice. Objections thereto were filed by plaintiffs, which were overruled, and an ordinance adopted by the city council assessing the costs of the improvement upon the property within the assessment district specially benefited thereby. Thereafter, on October 4, 1905, the council, being in doubt as to the validity of the assessment for the expense of the improvement of Goldsmith street, by resolution declared that the property lying within the benefited district, which was described therein, was specially and peculiarly benefited by the improvement, and directed the auditor to prepare a preliminary assessment and reassessment upon lots and parts of lots and parcels of land within the district therein declared to be so benefited by said improvement. The auditor accordingly prepared such assessment, and submitted the same to the council,

and on November 4th, plaintiff filed objections to such proposed reassessment, assigning various reasons therefor. On November 15, 1905, said objections were read to the council, and on motion were overruled, and an ordinance was passed making a reassessment for the improvement of Goldsmith street upon the property within the said assessment district. Section 2 of this ordinance reads as follows:

"That the lots, blocks and parcels of land mentioned in section 1 hereof were specially and peculiarly benefited by the improvement of said Goldsmith street in the several respective amounts assessed to the same therein, and the auditor of the City of Portland is directed to enter the same in the docket of city liens as herein made, approved, confirmed and adopted."

The assignments of error in the petition for the writ relate to the manner in which the council considered the objections to the proposed reassessment; as to whether it exercised its judgment when it acted thereon; as to the manner of adopting the ordinance and making the reassessment; that the expenses are not apportioned according to the benefits accruing to the property; as to the effect of a certain judgment; as to the inequality of the reassessment of the Weinhardt estate; errors in description of lands so reassessed; and a general assignment without specifying particular errors. These are the only errors relied on in the petition for the writ. When the auditor returned said writ to the circuit court with a copy of the record annexed thereto, the plaintiffs moved the court for an order requiring the auditor to comply with the writ and make a further return of the proceedings upon the original assessment. This motion was denied, and a decree rendered finding that defendant did not exceed its jurisdiction in the reassessment proceedings, and did not exercise its functions erroneously to the prejudice of plaintiffs, affirmed the reassessment proceedings, and dismissed the writ. Plaintiffs appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondents there was a brief over the names of *Mr. John P. Kavanaugh,* and *Mr. John J. Fitzgerald,* with an oral argument by *Mr. Kavanaugh.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. In the original consideration of this case we concluded that the statement in the record of the council's proceedings that a motion was seconded and carried "that the objections of Ralph R. Duniway, attorney, against said reassessment, be taken from the table and overruled," sufficiently disclosed that they had been "heard and determined," but upon further consideration upon this rehearing, in connection with the cases of *Applegate* v. *Portland,* 53 Or. 552 (99 Pac. 890), and *Hughes* v. *Portland,* 53 Or. 370 (100 Pac. 942), we conclude that such a record is sufficient only when relating to questions of law raised by the objections. But when the objections relate to issues of fact, the record should affirmatively show, by findings or recitals, that the council heard and determined those issues, together with the result of such determination.

2. In the petition for the writ of review plaintiffs assign as error that the council did not in any way ascertain or determine whether the objections to the preliminary reassessment were true, but ignored and overruled them. Two of these objections related to questions of fact, namely, that the improvement was not made or completed according to the terms of the ordinance providing for the improvement, in that the car track in the center of the street was not improved, and that the estimated expense thereof was included in the preliminary reassessment against the property in the district. If the owners made objections to the acceptance of the improvement before it was accepted by the executive board, and it was considered, and the merits thereof

determined under the provisions of section 380 of the charter, or the right to object thereto was waived, and the improvement accepted, they were not entitled to raise it again by objection to the reassessment proceeding.

3. Although it is not necessary that the resolution authorizing the reassessment shall state that the improvement has been completed, or that it was not defeated by a remonstrance, yet if the reassessment proceeding alone is sought to be reviewed, these matters, which are necessary to give the council authority to make the reassessment, must appear in the return, either by making the record a part of the return, or by recitals in the resolution authorizing the reassessment.

4. There can be no presumption by the reviewing court that these requirements have been complied with, and if not heard and determined in the original proceedings, then it may be raised by objections to the preliminary reassessment; and, so far as the record here discloses, plaintiff was entitled to object to the preliminary reassessment, on the ground that the improvement had not been made or completed in substantial compliance with the specifications, and to have such objections heard and determined in the manner contemplated by the charter. The objections made by plaintiffs to the preliminary reassessment, that the improvement had not been completed, and the estimated cost thereof assessed to plaintiffs, were not heard and determined by the council, and therefore the subsequent procedings in making the reassessment were void.

5. Plaintiffs further assign as error that the council did not attempt to determine whether the amount assessed by the auditor against each lot, or part thereof, was in just proportion to the said special and peculiar benefits. Section 400 of the charter provides that the new assessment of the cost of the improvement must be made upon the lots benefited, "to the extent of their respective and proportionate shares of the full value thereof." This is

one of the matters that must be determined by the council. Section 2 of the reassessment ordinance does not show this, in that it fails to determine that the reassessment was proportionate among all the lots according to their special benefits.

In the application for rehearing it is strongly urged that the motion for an additional return to the writ of review should have been allowed. The writ only required the auditor to return the proceedings for the reassessment. The assignments of error in the writ only relate· to matters affecting the reassessment proceedings; and, as the return fully complies with the command of the writ, a further return is unnecessary. But for the errors above referred to the former opinion will be set aside, the decree of the circuit court reversed, and the cause remanded, with directions to sustain the writ, and set aside the reassessment ordinance as void, for failure to hear and determine the objections of plaintiffs to the preliminary reassessment, to the effect that the improvement was not made in substantial compliance with the improvement ordinance, and the estimated cost thereof was erroneously assessed to the property owners, and such further proceedings as may be proper, not inconsistent with this opinion.                    REVERSED.