Argued September 19, reversed October 17, rehearing denied December 5, 1916.

## CORMACK *v.* CORMACK.

### (160 Pac. 380.)

**Municipal Corporations—Presumption as to Assessment for Street Improvements—Extending Time for Work.**

1. The charter of Portland, declaring that an assessment for street improvement, and everything connected therewith, shall be presumed regular till the contrary is shown, and that the executive board shall fix the time in which an improvement shall be completed and may extend it if the circumstances warrant, an assessment cannot be held void, merely because the work was completed four days after the time limited, there being no evidence that the executive board, which accepted the improvement, did not seasonably extend the time, which it could do on its motion, though it appears that the city council attempted to extend the time after completion of the work.

[As to tax certificate or deed as *prima facie* evidence of legality of assessment, see note in Ann. Cas. 1914A, 892.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

This is a suit by Florence A. Cormack against A. J. Cormack, Thomas C. Ordemann and the City of Portland, substituted in this court for Thomas C. Ordemann, to determine an adverse claim to real property. The allegation of the complaint concerning the realty is as follows:

"That plaintiff now is and for a long time past has been the owner of the following described real property, situated in Multnomah County, State of Oregon:

Lot 14 in Block 40, Rosemere, an Addition to the City of Portland.''

This averment is denied by the answer, but the defendant Ordemann admits that he has an adverse claim to the premises. Affirmatively he alleges matter through which he became the owner and holder of a certificate issued by the city treasurer in pursuance of a sale to satisfy a delinquent assessment for a street improvement.

The reply denies the transfer to the defendant Ordemann of the certificate and controverts the regularity of the action of the treasurer, but otherwise admits the allegations of the answer. The reply further gives a history of the street improvement, in which it is said that:

''The contract, among other things, provided that the said work should be fully completed within six months from the time the said contract was entered into; that the said work was not completed within six months of the time the contract was entered into and was not completed until the fourth day of November, 1913; and that no application was made by the said Oregon Independent Paving Company for an extension of time within which to complete the said work.''

From the admissions in the pleadings and the stipulation of facts we derive the following *résumé* of the situation: Late in 1912, the council of the City of Portland regularly passed an ordinance providing for the improvement of certain streets, designating the same as district improvement No. 251; plaintiff's property being within the assessment district and liable to taxation to pay for the betterment. On April 30, 1913, the city contracted with the Oregon Independent Paving Company for making the improvement, and thereafter, in pursuance thereof, the company completed

the work, which was subsequently approved and accepted by the council. The contract, "among other things, provided that the said work should be fully completed within six months from the time the said contract was entered into." In fact, it was not finished until November 4, 1913, and the contractor made no application for an extension of time; but on the date last mentioned the city council granted the contractor an extension to that day to complete the work. Thereafter the city authorities took regular proceedings to enforce the assessment as by the charter provided, resulting in the sale already mentioned, and it is the outstanding certificate of sale which is the basis of the adverse claim to plaintiff's property. It is agreed that the certificate was finally transferred to the city. The only defect in the whole procedure of which complaint is made is that the contractor was four days late in completing its undertaking. Declaring the certificate null and void, the Circuit Court entered a decree in favor of plaintiff according to her prayer, and the defendants appeal.                    REVERSED.

For appellants there was a brief over the names of *Mr. Lyman E. Latourette* and *Mr. Frederick De Neffe,* with an oral argument by *Mr. Latourette.*

For respondent there was a brief and an oral argument by *Mr. Fred L. Everson.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. Certain excerpts from the charter of the City of Portland are here set down:

"Sec. 404. In any action, suit or proceeding in any court concerning any assessment of property or levy of taxes authorized by this charter, or the collection

of such tax or proceeding consequent thereon, such assessment, levy, consequent proceeding, and all proceedings connected therewith shall be presumed to be regular and to have been duly done or taken until the contrary is shown.''

After the council passes an ordinance for making any improvement, the control of the proceeding according to the charter passes to a body called the executive board to advertise for proposals for making the improvement and to make contracts for the faithful completion of the work. In Section 379, we find the following:

''It shall be the duty of the executive board to fix the time in which every such improvement shall be completed and it may extend such time should the circumstances warrant. The said board shall have power and authority to make all written contracts, * * to provide for the proper inspection and supervision of all work done under the provisions of this article; and to do any other act to secure the faithful carrying out of all contracts, and the making of improvements in strict compliance with the ordinances and specifications thereof.''

Section 380 provides, in substance, that, upon consummation of any improvement to his satisfaction, the city engineer shall certify his approval thereof to the auditor. The latter officer in turn publishes a notice of the completion, stating when the acceptance of the improvement will be considered by the executive board, at which time or prior thereto any property owner may file objections to the same. If upon consideration of the grounds of opposition it appears to the board that the job has not been finished in accordance with the specifications and contract, ''the board shall require the same to be so completed before accepting it.'' After the executive board accepts an improvement, thence-

forward the proceedings are ministerial, consisting of the entry by the auditor of the assessment upon the docket of the city liens, his certification to the treasurer after a certain time of delinquent assessments, and the sale by that officer of the property for the satisfaction of the lien.

From the record it appears that the plaintiff made no protest whatever against the proceeding ripening into the assessment until she commenced this suit. She did not embrace her opportunity to appear before the executive board as she might to object to the acceptance of the work. Under the requirements of Section 404, already quoted, the burden is upon her to point out a fatal defect in the procedure. The presumption of its regularity attends the action of the municipal authorities until the contrary is shown. In this respect the charter is a restatement of the general rule that, where jurisdiction is shown to have attended the inauguration of a proceeding, it is safe from collateral attack except for defects which make it absolutely void on its face. If, therefore, the procedure under consideration appears to be consistent with what rightfully might have been done, it is immune from the attack aimed by this suit.

In *Duniway* v. *Portland,* 47 Or. 103, 112 (81 Pac. 945, 948), Mr. Chief Justice Wolverton, treating of objections to a city improvement, said:

"But, however this may be, the council, as we shall see presently, presumably passed upon the objections, and the plaintiffs are now precluded from again raising the issue in this collateral way, except it be shown that the council has itself proceeded fraudulently"—citing authorities.

In *Hendry* v. *City of Salem,* 64 Or. 152 (129 Pac. 531), Mr. Chief Justice McBride, said:

"The proceedings for making this improvement seem to have been entirely regular, and the council had jurisdiction to order the improvement and to enter into the contract. This being the case, mere irregularities in the method of carrying on the work will not be sufficient to release the property owners from the obligation of paying their assessments. * * The council accepted the improvement, and, in the absence of fraud, their decision that it complied with the contract is conclusive"—citing authorities.

No reference is made by the plaintiff to any act of the executive board. The prerogative of that body to fix the time for the completion of the work was invaded by the council when it put into the ordinance the provision on that point. In that respect the ordinance is not controlling in the issue here. For aught that appears, as it might properly have done, the executive board may have extended the time for the completion of the undertaking. It matters not that the contractor made no application for such an indulgence. In its capacity as general director of the undertaking the executive board could have extended the time on its own motion so as to bind the city and ultimately the taxpayer. It was the contract, and not the ordinance, that controlled the parties on that feature. Like all other contracts, the parties to the same by their lawfully authorized agents could waive or modify any of its requirements or make a new contract within the scope of the authority of the representative. Until the contrary is made to appear by the complaining party, under the precedents and charter cited, we must presume in aid of the proceeding that all this was done.

The complaint does not disclose any injury to the rights of the plaintiff. It would be inequitable to grant her exemption from payment for an improvement, the only objection to which is that it was not completed

82 Or.—8

until four days after the time provided therefor seems to have elapsed, when we are able to presume that the executive board extended the time, and that, too, while the term of the contract was yet unexpired.

The decree of the Circuit Court is reversed, and one here entered dismissing the plaintiff's suit.

REVERSED.    SUIT DISMISSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.