Argued April 20, affirmed September 25, 1917.

## LAWRENCE *v*. CITY OF PORTLAND.

### (167 Pac. 587.)

**Municipal Corporations—Public Improvements—Delegation of Powers.**

1.   The power of the council of a city to "determine the character, kind and extent of improvements" to be made cannot be delegated to the city engineer.

**Municipal Corporations—Public Improvements—Delegation of Powers.**

2.   Where a city council ordered the city engineer to submit plans for two kinds of paving, and he complied, and thereafter the council called for bids, accepted the lowest bid and by ordinance determined the character, kind and extent of the improvements, the council did not delegate its functions to the city engineer.

   [As to delegation by municipal corporation of powers involving exercise of discretion, see note in 29 **Am. Rep.** 108.]

**Municipal Corporations—Public Improvements—Notice—Requisites.**

3.   Under Portland City Charter, Section 376, the notice of the resolution of an improvement need not be printed in letters not less than one inch in length, but only the title, "Notice of Street Work," need be of such size.

**Municipal Corporations—Public Improvements—Double Improvement.**

4.   The paving of a street, whose continuity was interrupted by a small park, does not constitute two improvements, so as to require their separation, in view of Portland City Charter, Section 374, as to public improvements.

**Municipal Corporations—Public Improvements—Exaction of Guaranty —Powers of Council.**

5.   The requirement in a contract for paving a street that the contractor shall make good any defects in materials or workmanship occurring within five years does not so increase the burden or the cost of the improvement as to vitiate the assessments therefor.

Municipal Corporations—Public Improvements—Performance of Contract—Powers of Council.

6.  The determination made by the council that the specifications and the contract of a paving contractor have been fulfilled and completed is conclusive.

From Multnomah: HARRY H. BELT, Judge.

This suit was commenced by P. S. Lawrence and twenty-two other citizens and property holders against the City of Portland, a municipal corporation, H. R. Albee, Mayor, C. A. Bigelow, Will H. Daly, Wm. L. Brewster, Robert G. Dieck, commissioners, A. L. Barbur, auditor, and Wm. Adams, city treasurer, to restrain the collection of assessments for street improvements.  The suit was dismissed and plaintiffs appealed. Affirmed.

Department 2.  Statement by MR. JUSTICE McCAMANT.

This is a suit brought by certain property owners to enjoin the collection of assessments levied on their property to pay for the improvement of East Harrison Street in the City of Portland.  Plaintiffs contend that the proceedings are fatally defective in the matter of compliance with the procedure prescribed by the charter and also that the work was done in a careless, inefficient manner, out of harmony with the requirements of the contract.  The lower court found for the defendants and dismissed the complaint.  Plaintiffs appeal.  AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Albert H. Tanner.*

For respondents there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman E. Latourette,* Deputy City Attorney, with an oral argument by *Mr. Latourette.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

1, 2. The proceedings were initiated by a resolution of the city council adopted January 28, 1914. This resolution demanded:

" * * from the city engineer plans, specifications and estimates for two or more kinds of appropriate improvements, at least one of which must be of a non-patentable kind, and the probable total cost of each class of improvement and the amount of work required to be done, and that he file such plans, specifications and estimates in the office of the auditor of the City of Portland."

It will be noted that this resolution does not determine the kind of improvement to be laid. The charter of the City of Portland clothes the council with power "to determine the character, kind and extent" of the improvement and, as contended by plaintiffs, this power cannot be delegated to the city engineer: *Miller* v. *Portland*, 78 Or. 165, 169 (151 Pac. 728); *King Hill Brick Mfg. Co.* v. *Hamilton*, 51 Mo. App. 120, 124; *St. Louis* v. *Clemens*, 43 Mo. 395, 403, 404; *Bolton* v. *Gilleran*, 105 Cal. 244, 247 (38 Pac. 881, 45 Am. St. Rep. 33). The resolution, however, was preliminary to further action by the council. The plans requested were furnished by the city engineer February 18, 1914, specifying two materials for use in paving the street in question, one of which was nonpatentable. Thereafter the council by resolution called for bids on these two materials in accordance with the plans of the city engineer, which set out accurately the work to be done and gave all information required by the charter. On the coming in of the bids the council on May 13, 1914, accepted the lowest bid for laying an asphalt street and by ordinance determined the "character, kind and

extent'' of the improvement.   We think that the proce-
dure adopted conforms to the charter and that it did
not delegate to the city engineer the functions of the
council: *Miller* v. *Portland,* 62 Or. 26, 31 (123 Pac. 64).

3. Section 376 of the charter, after directing the
publication of the resolution of the council declaring
its purpose to improve, provides that:

''The City Engineer within five days from the first
publication of said resolution shall cause to be con-
spicuously posted at each end of the line of the con-
templated improvement a notice headed 'Notice of
Street Work' in letters of not less than one inch in
length, and said notice shall contain in legible char-
acters a copy of the resolution of the Council and the
date of its adoption, and the Engineer shall file with
the Auditor an affidavit of the posting of said notices,
stating therein the date when, and places where the
same have been posted.''

It is stipulated that the letters in the heading of the
notice posted were one inch in length, but that the let-
ters in the remainder of the notice were less than one
inch long.   Plaintiffs claim that the charter requires
the entire notice to be printed in letters at least an
inch in length.   We do not so read the statute.   The
requirement is that the letters in the heading shall have
the stated size: *Bank of Columbia* v. *Portland,* 41 Or.
1, 7 (67 Pac. 1112).   The size of type to be used in
the body of the notice is committed to the discretion
of the city engineer, subject to the requirement that
the type shall be legible.

4. In reliance on the case of *Oregon Transfer Co.* v.
*Portland,* 47 Or. 1 (81 Pac. 575, 82 Pac. 16), it is
contended that these assessments are void because the
improvement covers two portions of the street.   The
improvement provided for begins at the east line of
East Twelfth Street and extends easterly to a line

twenty feet east of the east line of an alley running through Blocks 7 and 10 in Ladd's Addition. At this point East Harrison Street intersects with another street and beyond the intersection there is a small park; east of the park there is another intersecting street and beyond that street the second portion of the improvement begins, extending easterly for two blocks. It is expressly held in *Oregon Transfer Co. v. Portland,* 47 Or. 1, 5 (81 Pac. 575, 82 Pac. 16), that "the intersection may with propriety be included in or omitted from a contemplated street improvement without destroying its continuity." This principle being established and the little park not being capable of improvement as a street, we think that under the facts this improvement should be regarded as a continuous one.

Moreover, the charter has been amended since the decision in *Oregon Transfer Co.* v. *Portland, supra.* When that decision was rendered, Section 375 of the charter contained the following requirement:

"The improvement of each street or part thereof shall be made under a separate proceeding."

This language, on which the decision in the case cited chiefly turned, was eliminated by amendment of the charter prior to the proceedings with which we are concerned in this cause. Section 374 of the charter, inforce when this improvement was made, provides that:

"The Council, whenever it may deem it expedient, is hereby authorized and empowered to order the whole or any part of the streets of the City to be improved, to determine * * the extent of such improvement. * *

"The Council, in improving any street or streets or any part or parts thereof, within a district that includes paving, shall require from the City Engineer plans, etc. * * The action of the Council in declaring its intention to improve any street or streets or any part or

parts thereof * * may all be done at one and the same meeting of the Council.''

Similar language is found in Section 375 of the charter. If this proceeding be treated as one for the improvement of separated portions of the street in question, it was still within the authority of the council to provide for it.

5. The contract under which this work was done contains the following provision:

''The contractor hereby agrees to perform all of the work provided by this contract in such good, skillful and substantial manner that no repairs shall be required to said improvement for a period of 5 years after its completion and acceptance by said City, and if, during said period, any defects shall appear in said improvement which are attributable in any manner to defective materials or workmanship, the contractor hereby undertakes and guarantees to repair such defects at his own expense, and when so ordered by the council of said city.''

It is contended by plaintiffs that this stipulation laid a burden on the contractor which properly belonged to the city, that it required the contractor to exact a price for the work in excess of its reasonable value and that the improper burden thus laid on the property owners vitiated the assessments. In support of these contentions we are cited to *Portland* v. *Bituminous Paving Co.,* 33 Or. 307, 313–316 (52 Pac. 28, 72 Am. St. Rep. 713, 44 L. R. A. 527); *Alameda Macadamizing Co.* v. *Pringle,* 130 Cal. 226, 227 (62 Pac. 394, 80 Am. St. Rep. 124, 52 L. R. A. 264); *Anderson* v. *Fuller,* 51 Fla. 380, 390 (41 South. 684, 120 Am. St. Rep. 170, 6 L. R. A. (N. S.) 1026); *Inge* v. *Board of Public Works,* 135 Ala. 187, 201 (33 South. 678, 93 Am. St. Rep. 20). These cases hold that it is beyond the power of municipalities in drawing contracts for muni-

cipal work to be paid for by special assessments, to exact from the contractor performance of stipulations not properly incident to the careful performance of the work and that where such exactions are laid and the expense of the work is thereby substantially increased, the contract is void and the property owners are entitled to relief. It is held, however, that the municipalities are warranted in insisting upon skillful work and that they may incorporate in the contract such guaranties as will practically insure that the contractor fulfills his obligations. This distinction is clearly pointed out in the decisions of this court on the subject. The opinion in *Portland* v. *Bituminous Paving Co.,* 33 Or. 307 (52 Pac. 28, 72 Am. St. Rep. 713, 44 L. R. A. 527), was written by Mr. Justice WOLVERTON with careful discrimination; on page 313 of the report he points out the distinction above referred to and on page 316 he cites with approval the case of *Schenectady* v. *Trustees of Union College,* 66 Hun (N. Y.), 179 (21 N. Y. Supp. 147), where a stipulation akin to that above quoted was upheld as laying no burden on the contractor other than a guaranty of workmanlike performance of his obligations. The question came before this court again in the case of *Allen* v. *Portland,* 35 Or. 420, 450 (58 Pac. 509), and Mr. Justice WOLVERTON again wrote the opinion. A stipulation substantially identical with that exacted in this case was held to be proper. The conclusions reached in the latter decision are supported by *New Haven* v. *Eastern Paving Brick Co.,* 78 Conn. 689, 700 (63 Atl. 517); *Schenectady* v. *Trustees of Union College,* 66 Hun, 179, 187, 188 (21 N. Y. Supp. 147); *Wilson* v. *Trenton,* 60 N. J. Law, 394, 396, 397, (38 Atl. 635); *Hedge* v. *Des Moines,* 141 Iowa, 4, 15, 16 (119 N. W. 276); *State* v. *District Court,* 80 Minn. 293,

308, 309 (83 N. W. 183); *Robertson* v. *Omaha,* 55 Neb. 718, 723, 724 (76 N. W. 442, 44 L. R. A. 534); *Kansas City* v. *Hanson,* 60 Kan. 833, 835, 836 (58 Pac. 474). We think that the provision in this contract, complained of by plaintiffs, falls within the rule defined by these latter authorities, that it affords only a proper guaranty of the performance of the obligations of the contract and that it does not nullify the assessments.

It is finally contended that the work was unskillfully done, that the provisions of the contract were disregarded by the contractor in seven respects pointed out in the complaint and that, as a result, the street is less durable than if it had been constructed as required by the contract. It is alleged that plaintiffs repeatedly protested as the work proceeded and that notwithstanding these protests the street was accepted by the council. If the question were a new one this branch of plaintiffs' contention would appeal persuasively to the writer. It has long seemed to the writer unfair for a court of equity to refuse relief to property owners on the ground that the work was improperly done and yet to relieve them from their assessments if the notice fails to point out definitely the kind of improvement to be made: *Hawthorne* v. *East Portland,* 13 Or. 271 (10 Pac. 342); or if the posted notice is headed by letters smaller than those required by the charter: *Bank of Columbia* v. *Portland,* 41 Or. 1, 7 (67 Pac. 1112); or if proof of the publication of the notice fails to conform to the statutory requirements: *Jeffery* v. *Smith,* 63 Or. 514 (128 Pac. 822). I do not criticise these decisions; under the statutes on which they were based, the conclusions reached were inevitable; there is nevertheless, in my opinion, an incongruity in relieving the property owner where the defects are in proce-

85 Or.—38

dure and in denying relief on the substantial ground that the contract has not been complied with.

6. The question is no longer an open one in this jurisdiction. In *Hughes* v. *Portland,* 53 Or. 370, 385 (100 Pac. 942), Mr. JUSTICE BEAN says:

"Findings of the council that the work has been done substantially in accordance with the contract * * are conclusive in the absence of fraud, unless made under an erroneous principle of law."

This same rule has been announced in *Duniway* v. *Portland,* 47 Or. 103, 112 (81 Pac. 945); *Rubin* v. *Salem,* 58 Or. 91, 97 (112 Pac. 713); *Hendry* v. *Salem,* 64 Or. 152 (129 Pac. 531). Two of these cases have recently been cited with approval in a well-considered decision by Mr. Justice BURNETT,—*Cormack* v. *Cormack,* 82 Or. 108 (160 Pac. 380). The rule so frequently and clearly announced has become a part of the common law of the state and it is in harmony with the weight of authority in other jurisdictions. It is fair to presume that if it were unsatisfactory to the people it would have been abrogated by amendment of our city charters, especially as the people have been vested with the power of such amendment under the initiative for eleven years last past. It appears by the record that the remonstrance of these plaintiffs was laid before the city council, that one of the plaintiffs was heard in person and that the council found that the improvement had been completed substantially in accordance with the plans and specifications. The street was thereupon accepted. There is no evidence of fraud or that the council acted under an erroneous principle of law. The action of the council is therefore conclusive of this branch of the case.

The decree is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.