Argued April 10, decided April 30, rehearing denied May 28, 1912.

## MILLER v. CITY OF PORTLAND.

[123 Pac. 64.]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ORDINANCES.

1. City Charter of Portland, § 45, provides that the power given to the council by the charter shall be exercised only by ordinances, unless otherwise provided. Section 375 provides that whenever the council shall deem it expedient to improve any streets it shall require the city engineer to make plans and specifications therefor; and § 276 provides that the resolution of the council, declaring its purpose to improve a street, shall be kept of record in the office of the auditor, and shall be published in the city official newspaper. *Held*, that proceedings for the improvement of streets need not be initiated by ordinance, but might be begun by resolution.

MUNICIPAL CORPORATIONS—IMPROVEMENTS—PROCEEDINGS.

2. Proceedings by a municipality for the improvement of public streets are *in invitum*, and the method laid down by the statutes for acquiring jurisdiction must be strictly pursued.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—AFFIDAVITS—SUF-
FICIENCY.

3. Under City Charter of Portland, § 276, providing that notice of
street improvements to be made shall be conspicuously posted by the
city engineer at each end of the line of contemplated improvement, an
affidavit, reciting that the engineer posted the notices provided for in
the resolution of the council in compliance with the provisions of
the charter, is defective in failing to show what notices were posted,
and whether they were posted conspicuously.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—AFFIDAVITS—SUF-
FICIENCY.

4. City Charter of Portland, § 276, requires the city engineer to post
at each end of the line of the contemplated improvements notices of
prospective improvements of public streets, so that, where a street,
which was to be improved, twice intersected a second street, an
affidavit, reciting that notices had been posted at the intersection of
the street to be improved with the second street, was insufficient for
uncertainty.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Jessie A. Miller and others against the city of Portland and others to enjoin the enforcement of an ordinance enacted by the council of the city of Portland, assessing upon the property of plaintiffs. and others within a specified district the expense of improving what is designated in the proceedings in question as "Hall street from the east line of 14th street to its intersection with Heights Terrace, Heights Terrace from said intersection with Hall street to a place near College street where Heights Terrace intersects the west line of 16th street."

The motive reason of the contention of plaintiffs arises from the fact that the city engineer's original estimate of the costs of the contemplated improvement upon which the council initiated the proceedings was $13,652, in pursuance of which a contract was let to a street-grading firm for $12,905.83, that being the only bid received; whereas, owing to increases in excavation and in the size of a retaining wall required in the plan, which increases were ordered solely on his own motion by the

city engineer, the cost of the completed project mounted up to $30,844. This result was obtained by computing the value of the work done according to what is called the "unit system," adopted both in the bid and in the contract, whereby the cost is calculated at so much per cubic yard of excavation or concrete or other item of requirements, so that the gross bid, as accepted, is not necessarily controlling as to the amount to be paid to the contractor on the completion of the undertaking.

The complaint challenged the jurisdiction of the council to inaugurate the proceedings to improve, attacked the action of the city engineer in directing, on his own authority, an increase in the amount of work to be done, whereby the expense to be imposed upon the property holders in the taxing district was so greatly enhanced, and charged collusion between the city engineer and the contractors for that purpose. Professing, however, to do equity, the plaintiffs, while maintaining that the action of the council was void *ab initio* for want of jurisdiction, averred that they were willing to abide by and pay a properly adjusted assessment equivalent in amount to the original estimate of the city engineer.

The answer traversed the complaint in material particulars, and by affirmative matter detailed the procedure adopted and contended for its regularity.

On the issue, joined by the reply, the circuit court heard the case, and taking the plaintiffs at their word, decreed, in substance, that the assessment for the increased cost is void, and restrained the defendants from enforcing it, but authorized them to make a reassessment on the basis of an amount not exceeding the original estimate. The city appeals.

CONDITIONALLY AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Frank S. Grant,* City Attorney, and *Mr. Lyman E. Latourette.*

For respondents there was a brief over the names of *Mr. A. E. Clark* and *Mr. R. F. Peters,* with an oral argument by *Mr. Clark.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The following excerpts from the charter of the city of Portland, in force at the time of the occurrence narrated in the pleadings herein, are here set down:

"Section 375. Whenever the council shall deem it expedient or necessary to improve any street or streets or any part or parts thereof within a district in the city of Portland, it shall require from the city engineer plans and specifications for an appropriate improvement and estimate of the work to be done and the probable cost thereof, and the city engineer shall file such plans, specifications and estimates in the office of the auditor of the city of Portland. If the council shall find such plans, specifications and estimates to be satisfactory, it shall approve the same and shall determine the boundaries of the district benefited and to be assessed for such improvement, and the action of the council in the creation of such assessment district shall be final and conclusive. The council shall by resolution declare its purpose of making said improvement, describing the same and including such engineer's estimate of the probable total cost thereof, and also defining the boundaries of the assessment district to be benefited and assessed therefor. The action of the council in declaring its intention to improve any street or streets or any part or parts thereof directing the publication of notices thereof, approving and adopting the plans, specifications and estimates of the city engineer, and determining the district benefited and to be assessed thereby, may all be done in one and the same act."

"Section 276. The resolution of the council declaring its purpose to improve the street shall be kept of record in the office of the auditor and shall be published for ten consecutive publications in the city official newspaper.

The city engineer within five days from the first publication of said resolution shall cause to be conspicuously posted at each end of the line of the contemplated improvement a notice headed 'Notice of Street Work' in letters of not less than one inch in length, and said notice shall contain in legible characters a copy of the resolution of the council and the date of its adoption, and the engineer shall file with the auditor an affidavit of the posting of said notices, stating therein the date when, and places where the same have been posted."

Section 377 provides for remonstrances to be filed within 20 days after the date of the first publication of the notice mentioned.

Section 378 reads thus:

"If no such objection or remonstrance be made and filed with the auditor within the time designated, or if any remonstrance filed is not legally signed by the owners of two-thirds of the property affected, the council shall be deemed to have acquired jurisdiction to order the improvement to be made, and the council may thereafter and within three months from the date of the final publication of its previous resolution by ordinance provide for making said improvement, which shall conform in all particulars to the plans and specifications previously adopted."

In their attack upon the proceeding in question, the plaintiffs contend that, because Section 45 of the charter provides that "the power and authority given to the council by this charter shall be exercised only by ordinance unless herein otherwise expressly provided," all the steps in the procedure for improving a street must be taken strictly by ordinance, and not by resolution. They even maintain that when the council would require the city engineer to propose plans and specifications for the improvement of the street that requirement must be evidenced by an ordinance. We think, however, that a fair construction of the whole charter shows that in such a matter it is competent to proceed by even a motion; or,

for that matter, the engineer might voluntarily lay before the council suitable plans and specifications for the improvement of a street. The initiation of such a project does not regularly begin until the council examines the plans and specifications, approves them as satisfactory, and proceeds upon the course marked out by the charter to carry its purpose into effect. Section 375 provides that this shall be done by resolution, and that the declaration of the council's intention to improve the street, direction to publish notice, approval and adoption of the plan, specifications, and estimates of the city engineer, and determination of the district to be assessed thereby may all be accomplished at one and the same time by the same act. Consequently, in our judgment, a resolution is sufficient up to this stage of the procedure, and an ordinance is not required.

2. At the outset, the vital question in this case is whether or not the city acquires jurisdiction to order and carry into effect the proposed improvement. It is a cardinal principle that notice and an opportunity to be heard is essentially necessary in a proceeding whereby one may be deprived of his property, or a burden of taxation be laid thereon. Proceedings of the kind in question are *in invitum,* and the method laid down by the statute for acquiring jurisdiction, which includes the giving of notice, must be strictly pursued. *Bank of Columbia* v. *Portland,* 41 Or. 1 (67 Pac. 1112.)

3. It is conceded that a notice of the proposed improvement was published in the official newspaper of the city of Portland; but it is charged that this was the only notice of any nature given or published with respect to the improvement, and that no notice whatever was posted by the city engineer at each end of the contemplated improvement, or elsewhere, as required by the charter, § 276. This allegation that the notice was not posted is

challenged by the defendants, who propounded the following affidavit as proof of posting the required notice:

> "Office of the City Engineer, No. 873.
>
> Portland, Oregon, August 10, 1909.
>
> I, A. L. Powell, deputy city engineer of the city of Portland after having been first duly sworn, depose and say that notices of the contemplated district improvement of Hall street from the east line of Fourteenth street to its intersection with Heights Terrace, Heights Terrace from its intersection with Hall street to a place near College street where Heights Terrace intersects the west line of Sixteenth street, provided for in the resolution of the council passed on the 28th day of July, 1909, were posted by me, in compliance with the provisions of the city charter, on the 6th day of August, 1909, at the following places: Intersection of Heights Terrace and Sixteenth street, and intersection of Heights Terrace and Hall Street, and intersection of Hall street and Heights Terrace, and southeast corner of Hall street and Fourteenth street.
>
> A. L. Powell, Deputy City Engineer."

This affidavit was verified before the auditor of the city of Portland. In *Bank of Columbia* v. *Portland,* 41 Or. 1 (67 Pac. 1112), this court held that a deputy city engineer was competent to make the affidavit of posting the notices. Although that affidavit was made under a charter of Portland then in existence, providing that the city engineer should appoint deputies, who should have the same power and authority to do the same acts which the city engineer could do as such, while the present charter contains no such provision, we are not disposed to disturb the affidavit on account of the identity of the affiant. In the affidavit, in that case, the affiant annexed to his affidavit, and made a part thereof, a true copy of the notice, marking the same "Exhibit A." In the affidavit in the case at bar no reference whatever is made to any particular notice, except under the general designation of the "notices * * provided for in the resolution," etc. We

are compelled to rely upon the judgment of the affiant as a legal conclusion that the notices posted conformed to the resolution of the council. As a further legal conclusion, he states that they were posted in compliance with the provisions of the city charter. Section 276 of that enactment requires the notices to be conspicuously posted at each end of the line of the contemplated improvement. No fact is stated from which a court or other tribunal can draw the conclusion as to whether these notices were conspicuously posted or not. In these respects, the affidavit is faulty, within the meaning of *Minard* v. *Douglas County,* 9 Or. 206, and *Cameron* v. *Wasco County,* 27 Or. 318 (41 Pac. 160).

4. Fourteenth and Sixteenth streets in Portland are parallel to each other, running north and south. Hall street and College street cross these streets at right angles, running east and west. Going west on Hall street from the east line of Fourteenth street, one comes to Heights Terrace, diverging to the right, so that, proceeding in a general northwesterly direction, it crosses Sixteenth street north of Hall street. Continuing farther, it turns to the left, almost doubles upon itself, and, extending southeasterly, debouches into Sixteenth street not far from College street. It thus intersects the west line of Sixteenth street twice. Bearing in mind that the charter required the notice to be conspicuously posted at each end of the line of the contemplated improvement, we find, on examination of the affidavit, that the description of one of the places of posting as the intersection of Heights Terrace and Sixteenth street would apply equally well to either of these two points. In this respect, the affidavit is void for uncertainty. The charter prescribes the affidavit as the proof of posting the notices. At various places throughout the records are copies of what purports to be a notice of the council's intention to

Sig. 2

improve the streets mentioned; but the affidavit does not specifically refer to any of them as being the notice which was posted. The record is insufficient to sustain the jurisdiction in the first instance. The plaintiffs not having appealed, however, from the decree of the circuit court, it must stand as to them, but without prejudice to the right of the city, if it shall be lawfully so advised, to reassess the property for the deficit in the expense of making the improvement.

With this condition, therefore, the decree of the circuit court is affirmed.

AFFIRMED CONDITIONALLY.

