WALTER HARRIS v. THE STATE.

No. 12964.   Delivered March 12, 1930.
Reported in 26 S. W. (2d) 216.

The opinion states the case.

*W. E. Martin* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, three years in the penitentiary.

Officers searching the private residence of appellant found therein about a half gallon of whiskey.

Among the points presented for reversal is the mistake made by the prosecuting attorney in reading appellant's confession to the jury. It is alleged that it was read that appellant had bought 425 gallons of whiskey from a man named Ben, when the confession in fact read "4 or 5" gallons; that the "or" looked like a "2" and neither appellant nor his attorney discovered this mistake until after the trial was concluded. In view of the disposition we make of the case we find it unnecessary to discuss this matter, as it will not likely again occur.

Appellant did not testify. It appears from Bill of Exception No. 5 that during the progress of the trial and in the presence of the

jury, the district attorney offered in evidence an indictment against appellant for burglary, using at the time this language: "I offer the indictment against Walter Harris for burglary in evidence." The Court upon ascertaining the indictment was for an offense alleged to have occurred in 1918, sustained the objection as. being too remote. Such indictment was not admissible if it had been recent. because the appellant was not a witness and such a matter was provable under the facts of this case only as affecting his credibility as such. Even if he had testified as a witness same was too remote, as has been many times held by this Court. Branch's P. C., Sec. 170. The effect of this was to get an improper matter before the jury that was highly prejudicial and not under any circumstances admissible. While the trial court promptly sustained the objection of appellant's counsel, the action of the district attorney was of such a nature under the facts shown here as compels a reversal. Sanderson v. State, 3 S. W. (2nd) 453, and authorities there collated; Musgrave v. State, 28 Tex. Crim. App. 60; Morgan v. State, 62 Tex. Crim. Rep. 120. In view of the penalty assessed, we are not able to say that the action of the district attorney in placing this improper matter before the jury was harmless error.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.