## PANHANDLE & S. F. RY. CO. v. MILLER.
### No. 932.

Court of Civil Appeals of Texas. Eastland. Dec. 11, 1931.

Douthit, Mays & Perkins, of Sweetwater, for appellant.

C. F. Sentell, of Snyder, for appellee.

HICKMAN, C. J.

The appeal is from a judgment in favor of appellee against appellant for $175 arising out of a shipment of cattle from Seagraves, Tex., to Chautauqua, Kan. Only three assignments of error are briefed and they will be considered in their inverse order. Assignment No. 3 complains of the manner in which negligence was submitted to the jury. The issue submitted was as follows: "Do you find from a preponderance of the evidence that the defendant, after receiving said cattle for shipment at Seagraves, Texas, failed to transport the same to Chautauqua, Kansas, with reasonable diligence, care and dispatch as same is hereinabove defined?"

This issue was answered, "Yes." To this issue the appellant timely interposed the following objection: "Because said issue does not confine the jury, in determining its answer to said special issue, to the specific acts of negligence as pleaded by plaintiff, but, on the contrary, permits them to determine, in considering their answer, any matters outside of such specific acts of negligence, as to which this defendant is charged."

The further objection was timely made below to the issue that same was duplicitous in that it submitted in one issue more than one material issue of fact, but that question is not briefed in this court, and, therefore, not considered.

Appellee's petition charged appellant with specific acts of negligence in the following particulars: " * * * So carelessly and negligently conducted itself in the premises that by and through its negligence and default and carelessness said cattle were not fed, were not watered, were badly overcrowded in feed pens and in the cars and were improperly mixed in the feed pens and cars, were unloaded in the wrong place and into very muddy pens, by means whereof said cattle were greatly damaged and plaintiff was subjected to a great loss and damage amounting in all to the sum of $403.00."

Appellant was entitled to have each specific ground of negligence charged against it and relied upon by appellee for recovery submitted separately so that it might know of what default it was being convicted. It was error to submit the issue of negligence generally instead of submitting each of the several grounds of negligence separately, for which error the judgment of the trial court must be reversed. Articles 2189 and 2190, R. S. 1925; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; City of Fort Worth v. Ware (Tex. Civ. App.) 1 S.W.(2d) 464, 467; Darden v. Denison (Tex. Civ. App.) 3 S.W. (2d) 137; Texas & P. Ry. Co. v. Bryan (Tex. Civ. App.) 15 S.W.(2d) 1098; Butler v. Herring (Tex. Civ. App.) 34 S.W.(2d) 307.

The second assignment of error complains of the definition of "proximate cause," in that same omitted the element of a new and independent cause. Assuming, without deciding, that the evidence raised the question of a new and independent cause intervening between the negligent act, if any, of appellant and the injury, the definition as given sufficiently embodied the idea. We discussed a definition less favorable to the defendant very fully in West Texas Coaches v. Madi, 15 S.W.(2d) 170, which opinion was affirmed by the Supreme Court in 26 S.W.(2d) 199, and, upon the authority of that case and the cases there cited, this assignment is overruled. The language "new and independent cause" is not essential to a definition of proximate cause. It is sufficient if the thought suggested by that phrase is expressed.

The other assignment complains of the overruling of a special exception to appellee's petition on account of its failure to allege that appellant was duly incorporated. The plaintiff alleged: "Now comes J. E. Miller, of Scurry County, Texas, plaintiff, complaining of the Panhandle & Santa Fé Ry. Co., a private corporation, doing business in Scurry County, Texas, and having an agent in Scurry County, Texas. * * *"

The case of Womack Construction Co. v. Rhodes (Tex. Civ. App.) 283 S. W. 1108, unquestionably sustains appellant's contention. Since it is unnecessary to do so, we do not specifically pass upon this question, but think it not improper to point out that we have doubts as to its correctness. The case of Way v. Bank of Sumner (Tex. Civ. App.) 30 S. W. 497, cited in the Womack Case, was a case in which the plaintiff was a corporation and failed to allege that it was duly incorporated. It might be well questioned whether that holding could be made to operate against the petition in a case where the defendant, and not the plaintiff, is a corporation. The case of Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S. W. 36, seems to be contrary to the holding in the Womack Case.

We also call attention to the following holding of the Amarillo court in St. Paul Fire & Marine Ins. Co. v. Earnest (Tex. Civ. App.) 293 S. W. 677, 683: "The appellant insists that the plaintiff's petition is insufficient because it does not allege that defendant was duly incorporated in accordance with the laws of Texas, or any other state, and fails to allege that defendant is conducting a fire insurance agency in the state of Texas, or was transacting business in this state. This contention is not supported by the record. Appellant is alleged to be 'a private corporation doing business in Lubbock county, Tex., insuring property against loss or damage by fire.' Houston Water-Works Co. v. Kennedy, 70 Tex. 233, 8 S. W. 36; United Mutual Fire Ins. Co. v. Talley (Tex. Civ. App.) 211 S. W. 653."

The foregoing suggestions are made to disclose that the question is involved in some doubt, in view of which appellee may desire to amend his petition upon another trial in order to take the question out of the case.

For the reason above, the judgment of the trial court will be reversed, and the cause remanded.