**TEXAS MOTOR COACHES, Inc., v. PALMER et ux.**

No. 3427.

Court of Civil Appeals of Texas. El Paso.

Oct. 8, 1936.

Rehearing Denied Oct. 22, 1936.

Autry Norton, Logan Ford, and Worsham, Burford, Ryburn & Hincks, all of Dallas, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellees.

HIGGINS, Justice (after stating the facts as above).

Appellant complains of the failure of the court to peremptorily instruct a verdict in its favor and of the denial of its motion for judgment non obstante veredicto. It asserts no actionable negligence upon its part was shown, and the evidence establishes contributory negligence upon Mrs. Palmer's part as a matter of law.

This opinion will not be burdened and lengthened by detailed statement of the evidence. Suffice it to say the evidence abundantly supports the findings numbered 1, 2, 4, 5, and 6, as above stated. And under the facts reflected by the record the jury was authorized to further find such acts and omissions each constituted negligence proximately causing Mrs. Palmer's injury.

As to the issue of contributory negligence, the jury would have been warranted in finding Mrs. Palmer guilty of such negligence, but it cannot be said she was so guilty as a matter of law. She testified she saw the bus and thought it was going straight ahead. She was justified in so believing by the rate of speed the bus was traveling and the driver's failure to reduce its speed or sound the

horn. Under such circumstances, she was not necessarily required to anticipate the bus would sharply turn to its right into Poydras, thereby rendering her position just off the sidewalk a perilous one.

We also overrule the assertion the evidence does not raise the issue of discovered peril.

■ The driver of the bus testified he did not remember seeing anybody standing on the corner near the mailbox on that trip. There was nothing to obstruct his view of Mrs. Palmer, and the jury might have presumed he did see her, though he swore he did not "remember" seeing any one on the corner near the mailbox. Brown v. Griffin, 71 Tex. 654, 9 S.W. 546.

■ We also overrule the contention the court's definition of "position of peril" is erroneous, and defendant's requested instruction should have been given to the effect "that the plaintiff's wife, Mrs. Lella Mae Palmer, could have been in a position of peril only if she were pursuing a course which probably would terminate in serious bodily injury to her, and it reasonably appeared to the defendant's driver of the bus, from facts and circumstances within his knowledge, that in pursuing such a course the plaintiff's wife, Mrs. Lella Mae Palmer, would probably pursue it to the end." The court's definition is correct and was sufficient unless the evidence presents the theory that the driver of the bus saw Mrs. Palmer on the sidewalk and had no reason to anticipate she would leave that place of safety and place herself in a perilous position in the street.

The evidence does not raise such theory. The testimony of Mrs. Palmer and other witnesses shows she stepped from the sidewalk in ample time for the driver to have seen her, and the driver does not claim he saw her on the sidewalk. The inference from his testimony is he did not see at all.

■ But aside from these considerations, the other findings of actionable negligence support the judgment, and any error in the charge relating to discovered peril is harmless.

Error is assigned to the exclusion of certified copies of judgments convicting plaintiff J. N. Palmer, who testified in the case, of forgery; also to the exclusion of a picture of plaintiff's witness, Weston Schaefer; also to certain remarks of the trial judge to counsel for defendant.

■ The convictions occurred 19 years before the trial. It was shown Palmer was pardoned after serving seven months. The pardon recited he "has served almost seven months of sentence, with a good prison record, and executive clemency is recommended by the trial judge, the district attorney, together with almost the entire official family of Harris County, who base their recommendation upon the fact that appellant is only 22 years of age, and was beguiled by older men to commit the offense." It was further shown he had not been again in the penitentiary; that he was employed; he and wife were members of and church attendants. Under such circumstances, the court did not abuse its discretion in excluding the judgments of convictions upon the ground they were too remote. 70 C.J. 896; Bernard's, Inc., v. Austin (Tex.Civ.App.) 300 S.W. 256; Everett v. State, 122 Tex.Cr.R. 626, 57 S.W.(2d) 140; Bullington v. State, 78 Tex.Cr.R. 187, 180 S.W. 679; Vick v. State, 71 Tex.Cr.R. 50, 159 S.W. 50; Harris v. State, 114 Tex.Cr.R. 509, 26 S.W. (2d) 216; Anderson v. State, 113 Tex.Cr. R. 450, 21 S.W.(2d) 499; Lott v. State, 123 Tex.Cr.R. 591, 60 S.W.(2d) 223.

■ There is nothing to show the relevancy of Schaefer's picture, and we know of no reason why the record should have been incumbered by its admission. The exclusion presents no error.

■ As to the remarks of the trial judge, they were provoked by the conduct of counsel for defendant in disregarding the rulings of the court upon the exclusion of the judgments above mentioned, and in attempting indirectly to get before the jury the evidence excluded. Under such circumstances, the remarks will not be treated as ground for reversal. Fox v. Gulf, C. & S. F. Ry. Co. (Tex.Civ.App.) 80 S.W.(2d) 1072 (error dismissed); Shuttles v. Butcher (Tex.Civ.App.) 1 S.W.(2d) 661; Daniels v. Starnes (Tex.Civ.App.) 61 S.W. (2d) 548; American Nat. Ins. Co. v. Nussbaum (Tex.Civ.App.) 230 S.W. 1102.

■ Complaint is made of the court's definition of proximate cause in that it omitted the conception of a new and independent cause. The definition given was correct. It was not necessary to refer to an independent cause. Texas-Louisiana Power Co. v. Bihl (Tex.Civ.App.) 43 S. W.(2d) 294; West Texas Coaches v. Madi (Tex.Civ.App.) 15 S.W.(2d) 170, af-

firmed (Tex.Com.App.) 26 S.W.(2d) 199; Panhandle & S. F. Ry. Co. v. Miller (Tex. Civ.App.) 44 S.W.(2d) 790; Orange & N. W. Ry. Co. v. Harris (Tex.Civ.App.) 57 S.W.(2d) 931; Texas & P. Ry. Co. v. Bufkin (Tex.Civ.App.) 46 S.W.(2d) 714; Offer v. Swancoat (Tex.Civ.App.) 27 S.W. (2d) 899.

 Furthermore, the only possible issues of new and independent causes suggested by the evidence were submitted, and findings with respect thereto returned adverse to appellant.

The criticism of the charge contained in appellant's last two propositions is without merit because appellees did not seek recovery of any damages because of an aggravation of a pre-existing physical condition of Mrs. Palmer. Nor does the evidence raise any such issue. Furthermore, the court specifically instructed the jury not to allow any damages for any pre-existing ailment.

Affirmed.