## CAMPBELL v. HILLSBORO INDEPENDENT SCHOOL DIST.

### No. 2721.

Court of Civil Appeals of Texas. Waco.
July 10, 1947.

Horton B. Porter, of Hillsboro, for appellant.

Sleeper, Boynton, Darden & Burleson, of Waco, for appellee.

TIREY, Justice.

This is a damage suit. Plaintiff brought suit in the Justice Court for property damage he sustained to his automobile as a result of a collision with a school bus belonging to defendant and operated by the driver employed by defendant. Plaintiff recovered in the Justice Court and on appeal to the County Court the parties filed an agreed statement in which it was stipulated that the driver of the school bus was guilty of negligence in failing to keep a proper lookout and that such negligence caused the accident and resulting damages to plaintiff's car. The trial court found that the doctrine of respondeat superior did not apply and found in favor of the school district and against plaintiff. This action of the trial court is assailed as error.

The pertinent parts of the agreed statement of facts are substantially: (1) that plaintiff resided at Hillsboro in Hill County, Texas, and that he was the owner of an automobile which he used in his business and was using at the time of the collision with the school bus; (2) that defendant was an independent school district, organized and operating under the applicable laws of the State of Texas, and was engaged in the business of maintaining and operating a general public school system; (3) that in the operation of said school system plaintiff transported pupils by way of school busses to and from school; (4) that on the 20th of October, 1945, one of defendant's bus drivers, in the course of his employment and in the furtherance of the business af-

**664**

fairs of defendant and while on a prescribed route on a public highway, collided with the automobile which plaintiff was operating; (5) that the driver of the school bus at said time was guilty of negligence in failing to keep a proper lookout and that such negligence was the proximate cause of the collision between the school bus and plaintiff's automobile, and that plaintiff sustained property damage to his car to the amount of $179.25, but no personal injuries; (6) that the bus in question was being used by the defendant to transport pupils to its public schools who resided outside as well as inside of the boundaries of said school district; that the State of Texas paid to said school district the sum of $3.25 per month per pupil transported, where such pupils resided outside of the boundaries of the district; that the children who resided inside of the school district did not pay for transportation and that the State of Texas did not pay for transportation of said children; that there were two junior college students being transported on the bus who were enrolled in the public junior college and these two students resided outside of the school district boundaries, and that such students paid out of their own personal funds to said district for such transportation the sum of $3 per month per pupil; and (7) that there was no net profit to the school district in the operation of its school busses.

■■ It is now the settled law of Texas that an independent school district is an agency of the state and while exercising governmental functions is not answerable for its negligence in a suit sounding in tort. This doctrine was announced by Mr. Justice Murray of the San Antonio Court of Civil Appeals in Braun v. Trustees of Victoria Independent School Dist., Tex.Civ.App., 114 S.W.2d 947, and writ of error was re-

fused by the Supreme Court. The reasons for the rule are tersely and accurately stated by Mr. Justice Murray in his opinion and it would serve no useful purpose for us to comment thereon. Under our practice, when the Supreme Court refuses a writ of error the opinion has all the force and effect of an opinion delivered by our Supreme Court and it is binding on us. See also 160 A.L.R. pp. 53–57 inc., and p. 107 et seq., 199 and 200; and McKnight v. Cassady, 113 N.J.L. 565, 174 A. 865; Bronaugh v. Murray, 294 Ky. 715, 172 S.W.2d 591.

■ It appears without dispute that the Hillsboro Independent School District at the time of the collision in question was an agency of the government engaged in the governmental function of furthering education within the state, and that it was operating said bus for the purpose of taking the pupils to and from school, and we think the fact that two of the pupils resided outside of the district and were paying for their transportation does not alter the rule of nonliability. The bus was in an authorized use, transporting school children when the collision occurred. See Ayers v. Hartford Accident & Indemnity Co., 5 Cir., 106 F.2d 958, point 4-6, p. 961; 160 A.L.R. 157; McDonell v. Brozo, 285 Mich. 38, 280 N.W. 100.

We have carefully read appellant's brief and have reviewed the authorities which he cites, but our Supreme Court does not follow the authorities cited by appellant and our comment thereon would be of no avail. See Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749. It follows that the judgment of the trial court must be affirmed.

The judgment of the trial court is affirmed.