## TREADAWAY et al. v. WHITNEY INDEPENDENT SCHOOL DIST. et al.

### No. 2751.

Court of Civil Appeals of Texas. Tenth District. Waco.

Oct. 16, 1947.

Horton B. Porter and Bryan & Sims, all of Hillsboro, for appellants.

Morrow & Calvert and Frank G. McDonald, all of Hillsboro, for appellees.

LESTER, Chief Justice.

This suit was instituted against M. E. Jones and the Whitney Independent School District of Hill County, Texas, by Mrs. Addie Treadaway and husband for the recovery of damages as the result of personal injuries sustained by Mrs. Treadaway by reason of the alleged negligence of the said M. E. Jones, who was alleged to be the agent of the school district.

98

Plaintiffs' petition in part is as follows:

"III. That the defendant, Whitney Independent School District is an incorporated independent school district, incorporated and operating as such under the laws of the State of Texas, at Whitney, Hill County, Texas. That said incorporated school district is operated and controlled by its duly elected Board of School Trustees, as aforesaid, with a President, Vice-President, Secretary, Treasurer, Tax Assessor and Tax Collector, all of whose duties are prescribed by the laws of the State of Texas, each of whom are charged with the performance of such duties as so prescribed by law.

"IV. That in pursuance to its duties as said Board of Trustees of said School District, one M. E. Jones, defendant herein, was employed by said Board of Trustees to teach in said Whitney Independent School District. That said M. E. Jones, at the time of the filing of the original petition herein was a resident of Hill County, Texas, but that he now resides in ———— County, Texas.

"V. That said M. E. Jones was so employed to teach in said school on or about the 17th day of August, 1945, and his duties were principally to teach and to look after the administrative duties connected with the management of said school and school buildings in the town of Whitney. Plaintiffs further allege that said defendant M. E. Jones was not in any way employed as a driver of any school bus or busses which were operated by said incorporated school district at said time. That said school district did in fact operate busses for the purpose of transporting pupils to and from school during the school term and that for such purpose of transporting pupils certain persons other than said M. E. Jones were employed to operate said busses. That each of said regular bus operators or drivers were required to make bond as required by the laws of the State of Texas, and they did in fact make such bonds. Plaintiffs allege that said M. E. Jones was not so required to make a bond by the Board of Trustees as a driver of a school bus and did not in fact make any such bond.

"VI. Plaintiffs further allege that notwithstanding the facts that on or about the 17th day of August, 1945, the school term of said school had not yet begun so as to make the operation of a school bus necessary for transporting of pupils, and for the express purpose of doing certain acts for the benefit and convenience of the said M. E. Jones and said Board of Trustees, the said M. E. Jones did, with the knowledge and consent of said Board of Trustees, operate and drive said school bus bearing License No. XD3288 and Engine No. 3551824, on a public highway, to-wit: Highway No. 22, in Hill County, Texas.

"That the said M. E. Jones did take said bus which was one of several school busses owned and operated by said Independent School District, and drive same from Whitney, Hill County, Texas, to Waco, McLennan County, Texas, and then from Waco, Texas, on the return trip toward Whitney, Texas. That the said M. E. Jones did so drive and operate said bus as above described with the full knowledge and consent of said Board of Trustees for the purpose of benefiting the said M. E. Jones and said Board of Trustees, in that the said M. E. Jones was instructed to take said bus and purchase certain supplies for the school in the city of Waco, Texas, and then bring them back to Whitney in said bus. That said bus was so taken and driven as aforesaid from Whitney, Hill County, Texas, to Waco, Texas, for the benefit and convenience of said M. E. Jones and said Board of Trustees, with full knowledge on the part of the defendants that such school bus was and could be operated for no other purpose than to transport pupils to and from the Whitney Independent School District school building."

The Whitney Independent School District filed an exception to the plaintiffs' petition wherein they attempted to allege a cause of action against it, on the ground that plaintiffs' cause of action was founded in tort, that the school district was a governmental agency of the state and was so functioning on the occasion in question and that the plaintiffs' petition alleged no cause of action against it for which it could be held liable. The court sustained the exception and after plaintiffs refused to amend, it dismissed plaintiffs' case in so far as the school district was concerned.

The question is whether the school district was, at the time in question, functioning as a governmental agency or was acting in a proprietary capacity, as contended by plaintiffs. A school district is in some respect like a municipality in regard to its nonliability. If acting in a governmental capacity, in the absence of a statute authorizing it, it cannot be required to respond in damages for the negligence of its agents, servants and employees. The distinction between governmental and proprietary functions being that when a school district or municipality is performing some function the duty of which is placed upon it by law and which is for the welfare of the public at large and one not voluntarily assumed and just for the benefit of the people in some particular locality, then such function is governmental in character and not proprietary. A city is held to be acting in a proprietary capacity in establishing and maintaining its streets, an obligation not required of it by general law but one voluntarily assumed for the benefit of its citizens living therein and not for the benefit of the public at large; but a city, in operating its police department or fire department and when performing services in respect to the public health is then performing services that are of interest and to the welfare of the entire public and it is therefore acting as the agent of the state and cannot be held liable for the negligence of its officers, agents or employees committed while in the performance of such duties. Braun v. Trustees of Victoria Ind. Sch. Dist., Tex.Civ.App., 114 S.W.2d 947 (writ ref.); Connally v. City of Waco, Tex.Civ.App., 53 S.W.2d 313 (writ ref.); City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761; Cochran v. Wilson, 287 Mo. 210, 229 S.W. 1050; Consolidated School Dist. v. Wright, 128 Okl. 193, 261 P. 953, 56 A.L.R. 152; Jones v. Jefferson County Drainage Dist. No. 6, Tex.Civ.App., 139 S.W.2d 861; Campbell v. Hillsboro Ind. School Dist., Tex.Civ.App., 203 S.W.2d 663; Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499.

Just because the services rendered in this respect are performed within the limits of the city does not make such functions local in nature but their effect and importance are statewide and are performed for the benefit of all the people. There are many respects in which a city can act in a proprietary capacity, but it is hard to imagine how a school district could act in such a capacity, the purpose for which it is created being purely governmental, and when carrying out the functions for which it was thus created it could act only as an agent of the state. Our public schools are the outgrowth of our Constitution and the acts of the Legislature passed in pursuance to its direction. Article 7, § 1, Vernon's Ann.St., provides: "A general diffusion of knowledge being essential to the preservation of the liberties and rights of the people, it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools." As a result of the acts of the Legislature our school system is not of mere local concern but it is statewide. While a school district is local in territorial limits, it is an integral part of the vast school system which is coextensive with the confines of the State of Texas. 37 Tex.Jur., p. 1030, sec. 148; Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d 31.

It is conceded that if the collision had occurred while the bus was being operated for the purpose of transporting pupils to and from school during the school term, that the district would have been acting as a governmental agent and it would not be liable for the negligence of its operator. But appellants contend that a distinction should be drawn between this case and the cases which exempt a school district from liability for its torts committed while in the transportation of its students and such torts as are committed upon the premises of the school, and say that the district should be held responsible for the negligence of Jones because the bus was not being operated in the transportation of students at the time of the collision and was being used just for the benefit of the people residing within the district, and because it was being operated upon the public highways of this state and without the limits of the district and for the convenience of the trustees and Jones in securing supplies for the school district, and also while the school

was in vacation. They contend that by reason of the foregoing allegations the district should be held to have been engaged in a proprietary function and not governmental.

The public at large is just as much interested in the welfare of the students after they reach the schoolhouse as it is in seeing them safely transported to and from school, not only the students in this particular district but all the students throughout the state of Texas. The main interest and purpose of the state is in having all of its students properly educated, and to accomplish such undertaking the law places upon the trustees and others in charge the duty and responsibility of maintaining and operating the schools in an efficient manner. We are of the opinion that securing and having proper supplies available for the students is part of the duties of the trustees and would not be for the convenience of the trustees and the teachers only. Nor do we believe that the fact that Jones used the bus and drove the same upon the public highways of this state and without the limits of the district in securing the supplies would make any material difference, since the function he was performing at the time of the collision was in the furtherance of the maintenance and operation of the Whitney school, which is a part of the public school system of this state and which was for the good of the general public, and was therefore governmental.

 Plaintiffs lay stress upon the fact that this collision occurred on August 17th, while the school was in vacation, and contend therefore that such function was proprietary. We are unable to agree with them on this proposition. It is a matter of common knowledge that the terms of schools such as the Whitney school usually begin or open in September. The duty of the trustees in respect to maintaining and operating the school continues during their entire elective term and does not cease during vacation of the school. They employed a teacher on August 17th, getting ready for the new term, and we do not feel that the district should be penalized for making preparations for the school prior to its opening date. It is our opinion that the function engaged upon by the trustees of said district was one required of them by law and was not local in nature or just for the benefit of those living within the district, but it was for the benefit of the public at large and therefore the district would not be required to respond in damages for the negligence, if any, of the said Jones.

Plaintiffs contend that the bus was being operated at the time in question for the convenience of the trustees and the said Jones and not for the benefit of the school district. If the bus was being operated for the benefit of the school district, then the function would be governmental; but if it was being operated only for the convenience of Jones and the trustees, the district would certainly not be responsible for the negligence of Jones committed while engaged in some act just for the convenience of himself and the trustees.

Without reviewing the many authorities upon this subject, we believe those heretofore cited definitely support our views expressed herein.

Finding no reversible error, the judgment of the trial court is affirmed.