## BLYTHE COUNTY LINE INDEPENDENT SCHOOL DIST. v. GARRETT.

### No. 4731.

Court of Civil Appeals of Texas.
Eighth District.

May 31, 1950.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Lawrence L. Barber, Seagraves, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the County Court of Gaines County. The purpose of the suit was to recover damages to a passenger automobile resulting from a collision with a school bus in the city of Seagraves. The trial was to a jury on the facts. The case was submitted on special issues and on the answers to the issues judgment was rendered for plaintiffs in the sum of $269.80 from which this appeal is prosecuted.

As we construe the petition it is alleged the driver of the bus was negligent in failing to keep a proper lookout; in failing to come to a complete stop when he came into a paved street off of an unpaved one; in operating the bus at a high rate of speed, and that he did not have the bus under control.

The defendant answered, among other things, that the driver of plaintiffs' car was negligent in driving the same in excess of 30 miles per hour in violation of State law and the City ordinances; in driving the same at a greater rate of speed than an ordinarily prudent person would have under the circumstances; in failing to keep a proper lookout; failing to slow down the car in time to avoid the collision; in failing to stop the car in time to avoid the accident; in failing to yield the right of way to the bus, the bus having the right of way under the law applicable to the situation, and in failing to observe a stop sign and to stop as required by the stop sign at the intersection where the collision occurred.

The Court submitted the case upon two issues of negligence generally. The first was: "Do you find from a preponderance of the evidence that the collision between the school bus of Blythe County Line Independent School District and the automobile of Mrs. Georgia Allison Garrett was caused by the negligence of the driver of the school bus of the Blythe County Line Independent School District? Answer yes or no."

The answer was yes.

Then followed the issue on proximate cause, and then Special Issue No. 3: "Do you find from a preponderance of the evidence that Mrs. Georgia Allison Garrett drove her automobile in such a manner that caused or contributed to the accident in question? Answer yes or no." and the answer was no.

Special Issue No. 4 inquired if the accident were unavoidable, to which the jury answered "Yes".

There was proof on most, if not all, of the acts of claimed negligence. Under the record in the case the submission is so obviously erroneous as to render comment unnecessary.

A defendant is entitled to have each separate ground of negligence pleaded and supported by proof separately submitted, Rule 277, Texas Rules of Civil Procedure, and a failure to so submit the issues is reversible error. Panhandle & S. F. Ry. Co. v. Miller, Tex.Civ.App., 44 S.W.2d 790 and the cases cited; Southern Iron & Machine Co. v. Portugal, Tex.Civ.App., 53 S.W.2d 685; Texas & N. O. Ry. Co. v. Barham, Tex.Civ.App., 204 S.W.2d 205; and Wooten v. Crosby County, Tex.Civ. App., 219 S.W.2d 553, at page 557(6, 9), (e. r.).

It is unnecessary to discuss the other questions presented. No point is made on this appeal predicated on the error assigned in the 13th ground for a new trial as set out in the motion for a new trial. Since this suit as pleaded is one for damages alleged to have resulted from the negligence of the defendant's agent and servant in the operation of the school bus and in view of the disposition made of the case here we deem it advisable to direct attention to the cases of Braun et al., v. Trustees of Victoria Independent School District, Tex. Civ.App., 114 S.W.2d 947 (e. r.); Campbell v. Hillsboro Independent School District, Tex.Civ.App., 203 S.W.2d 663, and Treadaway et al. v. Whitney Independent School District et al., Tex.Civ.App., 205 S.W.2d 97.

For the error discussed the judgment of the trial court will be reversed and the cause remanded.

PRICE, Chief Justice.

I think this case should be rendered.

McGILL, Justice.

In view of appellant's failure to raise the point of non-liability of the School District in his brief, I concur in Judge SUTTON'S disposition. Had the point been raised, it is my view that judgment should be rendered for appellant.