

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

April 20, 1953

Hon. Fred C. Brigman, Jr.    Opinion No. S-31
County Attorney
Uvalde County                Re: Legality of the county at-
Uvalde, Texas                    torney accepting private
                                 employment to maintain an
                                 injunction action adverse
                                 to the collection of cer-
                                 tain taxes by an independ-
Dear Sir:                        ent school district.

          In substance you have asked this office for its
opinion on the following question:

          May a county attorney represent a pri-
          vate client in a suit to enjoin an indepen-
          dent school district from collection of a
          certain tax?

          There is a strict limitation on the unofficial
employment of a county attorney in Article 32 of the Code
of Criminal Procedure of Texas, which provides:

          "District and county attorneys shall
          not be of counsel adversely to the State in
          any case, in any court, nor shall they, after
          they cease to be such officers, be of counsel
          adversely to the State in any case in which
          they have been counsel for the State."

          In the case of Love v. City of Dallas, 120 Tex.
351, 40 S.W.2d 20, 26 (1931), the Supreme Court said:

          "School districts are local public
          corporations of the same general character
          as municipal corporations. . . They are
          defined as quasi-municipal corporations,
          and derive their powers by delegation from
          the state.  They are state agencies, erected
          and employed for the purpose of administer-
          ing the state's system of public schools."

In the case of Treadaway v. Whitney I.S.D., 205 S.W.2d 97 (Tex.Civ.App. 1947), in deciding that plaintiff could not hold the school district liable for the negligence of its agent school bus driver, the court said:

"Just because the services rendered in this respect are performed within the limits of the city does not make such functions local in nature but their effect and importance are statewide and are performed for the benefit of all the people. There are many respects in which a city can act in a proprietary capacity, but it is hard to imagine how a school district could act in such a capacity, the purpose for which it is created being purely governmental, and when carrying out the functions for which it was thus created it could act only as an agent of the state. . ."

The court in the case of Southwestern Broadcasting Co. v. Oil Center Broadcasting Co., 210 S.W.2d 230 (Tex.Civ.App. 1947, error ref. N.R.E.) says:

"An independent school district is a quasi-municipal corporation. Under the law it is entrusted with the duty of managing the schools to the extent of the power delegated. It has been said that the public school system is a part of the State Government. Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d 31."

Article 7343, Vernon's Civil Statutes, provides in part:

". . . Independent school districts may collect their delinquent taxes as above provided for cities and towns. . . The school board may, when the delinquent tax lists and records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits. If the school board instructs the county attorney to file said suits and he fails or refuses to do so within sixty days the school board

may employ some other attorney of the
county to file suit. The county attorney,
or other attorney, filing tax suits for
independent school districts, shall be en-
titled to the same fees as provided by law
in suits for State and county taxes. . ."

It is the opinion of this office that the
collection of a tax levied by an independent school dis-
trict is an act of a State agency, and therefore the
act of the State, and thus if the county attorney should
be employed by private clients to enjoin the collection
of such tax he would be "of counsel adversely to the
State" in contravention of Article 32, V.C.C.P.

## SUMMARY

The collection of a tax levied by an
independent school district is an act of
the State. Article 32, V.C.C.P., prohibits
a county attorney being employed as counsel
adversely to the State. Therefore, a
county attorney may not be employed as
counsel for a private client to enjoin the
collection of a tax levied by an independent
school district.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

BEL:am

JOHN BEN SHEPPERD
Attorney General

By Billy E. Lee
    Billy E. Lee
          Assistant